TH:MWG/IC/SMS
F. #2024R00654

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

ERNEST AIELLO, <u>et</u> <u>al.</u>

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>STIPULATION & PROTECTIVE ORDER</u>
<u>GOVERNING DISCOVERY</u>

25-CR-314 (RER)

        IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.    All material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to <u>Brady</u> <u>v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), to the defendants (the "Defendants"), and the legal defense teams ("Legal Defense Teams"), including defense counsel, by the government in the above-captioned case (hereinafter, the "Discovery Materials") shall be governed by this protective order (the "Protective Order").

        a.   Any reference to "Defendants" or "Defendant" herein refers individually to each defendant identified in the case 25-CR-314 (RER).

        b.   The "Legal Defense Teams" includes Defense Counsel ("Defense Counsel" is defined as counsel of record in this case, including any post-conviction or appellate counsel) and any lawyer or non-lawyer staff

employed or contracted by Defense Counsel, including investigators, paralegals, support staff, student personnel, advisors, consultants, vendors, interpreters and expert witnesses who are retained or consulted by defendant and/or defense counsel in connection with this case.

2.      Discovery Materials, however designated, and any and all copies, notes, transcripts, or documents derived from the Discovery Materials, may be used by the Defendants and the Legal Defense Teams only for the purposes of defending against the charges in the above-captioned case, including but not limited to any motion, hearing, preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendants' appellate rights involving the charges in the above-captioned case.

3.      **Rules for the Handling of Discovery Materials:** Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the Defendants and/or the Legal Defense Teams, including the information contained therein, and any copies, notes, transcripts, or documents derived from the Discovery Materials, shall not be disclosed to any persons other than Defendants, the Legal Defense Teams, or the person (potential witness or witness) to whom the Discovery Material directly pertains or his/her counsel, and any persons to whom the Court authorize disclosures at the request of the government or defense counsel;

a.   None of the Discovery Materials, nor any copies, notes, transcripts, or documents derived from the Discovery Materials, shall be disseminated to, or discussed with, the media in any form by any party.  Nothing in this Protective Order prohibits the media from obtaining from any party copies of any items

that become public exhibits at any conference, hearing, trial, or other proceeding.

b. Any person who receives Discovery Materials in connection with this case is prohibited from posting any of those documents or information publicly or to any social media platforms, including, but not limited to Instagram, Snap Chat, YouTube, and Facebook.

c. Prior to sharing Discovery Materials (not designated Sensitive Discovery Materials or Attorneys' Eyes Only) with the Defendants, the Legal Defense Teams must advise the Defendants on the conditions of this Protective Order and his/her obligations pursuant to said Protective Order and remind the Defendants of the consequences of violating the Order. Under the conditions of this Protective Order, the Defendants are prohibited from possessing personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure or any telephone numbers, email addresses, driver's license numbers, and similar unique identifying information. By signing Attachment A, the Defendants agree to be bound by this Protective Order.

d. If the Defendants obtain substitute counsel, neither the Defendants or the Legal Defense Teams will transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or information derived from the Discovery Materials, unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs Attachment B to this Protective Order, and provides a signed copy of Attachment B to the government. Once substitute counsel has provided a signed copy of

Attachment B to the government, and following Defense Counsel's withdrawal from the above-captioned case, substitute counsel shall assume Defense Counsel's responsibilities under the Protective Order.

e.  Before receiving Discovery Materials, all members of the Legal Defense Teams must be provided a copy of this Order and agree to be bound by its terms.

4.  **Sensitive Discovery Materials**: Any documents, records, or other material specifically identified by the government may be designated as "Sensitive Discovery Material" upon a good-faith belief by the government (or Defense Counsel as it pertains to reciprocal discovery) that such materials contain: sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order.  In addition to the protections afforded all Discovery Materials in this case and specifically described in paragraphs 3(a) to 3(d), additional protections for Sensitive Discovery Material include:

a.  The Defendants may review Discovery Materials specifically identified by the government as Sensitive Discovery Material only in the presence (in-person or virtual) of the Legal Defense Teams.  The Defendants are prohibited from having possession, custody, or control of the Sensitive Discovery Materials, and any and all copies, notes, transcripts, or documents derived from the Sensitive Discovery Material.  Under no circumstances may Sensitive Discovery Materials or any and all copies,

notes, transcripts, or documents derived from the Sensitive Discovery
Material be possessed by the Defendants within a prison facility without
the physical presence of a member of the Legal Defense Teams.

b. Defense Counsel agrees that prior to showing Sensitive Discovery
Material to the Defendants, a member of the Legal Defense Team will
read the Defendants the relevant parts of this Order and remind
Defendants of the consequences of violating the Order.

5. **Attorneys' Eyes Only Materials:** Any documents, material, or
information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by
the government (or Defense Counsel as it pertains to reciprocal discovery) that designation as
Sensitive Discovery Material provides insufficient protection to such materials.

6. **Limitations on Sharing and Dissemination of Attorneys' Eyes Only
Material:** In addition to the protections afforded all discovery materials in this case and
specifically described in paragraphs 3(a) to 3(d), the additional protections for materials
specifically identified by the government as Attorneys' Eyes Only Material include:

a. Attorneys' Eyes Only Material may be reviewed only by the Legal
Defense Teams, as defined in paragraphs 1 and 2 above, respectively.
Attorneys' Eyes Only Material may not be disseminated to or reviewed by
any other person, including the Defendants.

b. Attorneys' Eyes Only Material may be shared with the Defendants under
the constraints applicable to Sensitive Discovery Materials no less than six

weeks before trial[1] and only in person, unless the government shows good cause why it should not be shared or why sharing should be delayed.

7.      **Designation of Sensitive Discovery Material or Attorney's Eyes Only Material:**  Any documents, material, or  information determined to be  Sensitive  Discovery Material or Attorneys' Eyes Only Material may be so designated by stamping the legend "SENSITIVE" or "SENSITIVE-ATTORNEYS' EYES ONLY" on the document, including all pages and attachments. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive Discovery Material or Attorneys' Eyes Only material.

8.      **Disputes Regarding Sensitive Discovery Material and Attorneys' Eyes Only Material:** The parties shall make a good faith effort to resolve any dispute about a sensitivity designation before requesting the Court's intervention.  The United States may agree to remove or reduce a sensitivity designation without further order of this Court.  Whenever the redaction of specified information will resolve the basis for which a sensitivity designation was applied, the government will agree to redaction, and such redaction will render the materials no longer subject to heightened protection under this Order.  Any agreement to reduce or remove a sensitivity designation or to redact specific information shall be memorialized in writing.  If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material or Attorneys' Eyes Only Material, Defense Counsel may provide

---

[1]      This timeframe is subject to change based on the scale and scope of the materials, which may require disclosure to the Defendants at an earlier time than six weeks before trial, potentially prior to the filing of motions.

notice to the government and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as either Sensitive Discovery Material or Attorneys' Eyes Only Material.  To the extent the parties do not agree, either party—upon providing notice of the intent to make such an application—may apply to the Court to determine whether the material should be treated as Sensitive Discovery Material or Attorneys' Eyes Only Material. Defense Counsel shall treat the material originally designated as Sensitive Discovery Material or Attorneys' Eyes Only Material with the protections afforded those designations pending any determination by the Court.

9.     **Court Filings and Court Hearings:**  Absent prior agreement by the parties or permission from the Court, no party shall disclose materials designated as Sensitive Discovery Material or Attorney's Eyes Only Material in any public filing with the Court. Such materials shall be submitted under seal in accordance with Eastern District of New York Local Rule 49(f)(6). The Clerk of Court shall accept for filing under seal any filings made in compliance with that Rule and so marked by the parties pursuant to this Order. The restrictions in this Order shall not limit either party in the use of the materials in judicial proceedings in this case. The procedures for use of designated Sensitive and Attorneys' Eyes Only Materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose materials designated Sensitive Discovery Materials or Attorneys' Eyes Only Materials in open court without agreement by the parties that such materials may be disclosed in open court or prior authorization by the Court.

10.     The Defendants and Defense Counsel will return to the government, or take reasonable measures to shred, delete, erase and/or otherwise destroy, the Sensitive Discovery Material and the Attorneys' Eyes Only Material and all copies thereof, whether in the

possession of Defense Counsel, the Legal Defense Teams, or any other signatory to Attachment B to this Protective Order, when the Defendants conclude all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendants' appellate rights involving the charges in the above-captioned case.

11.     Nothing in this Protective Order shall preclude the government or the Defendants from seeking a further order pursuant to Rule 16(d).

12.     Nothing in this Protective Order shall apply to publicly available documents and documents in a respective defendant's independent possession.  This Protective Order shall not limit the defendant's rights under the United States Constitution or the Federal Rules of Criminal Procedure other than as expressly set forth in the Protective Order.

13.     Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

14.     In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.  Nothing in this Protective Order requires defense counsel to disclose privileged communications or violate attorney-client privilege in any way.

15.     Counsel for each of the Defendants shall execute their respective attached signature page for this Order.

16.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**Dated**:        **Brooklyn, New York**
          **December 12, 2025**

                                        JOSEPH NOCELLA, JR.
                                        United States Attorney
                                        Eastern District of New York


                              By: _____
                                    Michael W. Gibaldi
                                    Irisa Chen
                                    Sean M. Sherman
                                    Assistant U.S. Attorneys
                                    (718) 254-7000

SO ORDERED


 **/s/Ramón E. Reyes, Jr.**
 HON. RAMON E. REYES, JR.
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Attorney for Ernest Aiello

Jeremy Iandolo, Esq.

Attorney for Nelson Alvarez

_Peter Guadagnino_
Pete Guadagnino, Esq.

<u>Attorney for Louis Apicella</u>

Shakira Fantauzzi, Esq.

Attorneys for Ammar Awawdeh

_____
Mark Lesko, Esq.

_____
Matin Emouna, Esq.

<u>Attorney for Saul Becher</u>

_avraham moskowitz_

Avi Moskowitz, Esq.

Attorney for Chauncey Billups

_____

Marc Mukasey, Esq.

Attorney for Matthew Daddino

_____
Gerrard Marrone, Esq.

Attorney for Eric Earnest

_____

Peter E. Brill, Esq.

Attorney for Lee Fama


*Marissa Sherman*
_____
Marissa Sherman, Esq.

Attorney for John Gallo

*Lance Clarke*

Lance Clark, Esq.

Attorney for Marco Garzon

Steve Brounstein, Esq.

Attorney for Thomas Gelardo

Esere Joy Onaodowan, Esq.

Attorney for Jamie Gilet


*Lauren Di Chiara*
_____
Lauren Di Chiara, Esq.

<u>Attorney for Tony Goodson</u>

John J. Rapawy, Esq.

Attorney for Kenny Han

*James Kousouros*

_____

James Kousouros, Esq.

Attorney for Shanne Hennen

Todd Leventhal, Esq.

Attorney for Osman Hoti

Gary Villanueva, Esq.

Attorney for Horatio Hu

_____

Eric Rothstein, Esq.        **December 3, 2025**

Attorneys for Zhen Hu

*David Stern*
_____
David Stern, Esq.


*Frank Rothman*
_____
Franklin Rothman, Esq.

Attorney for Damon Jones

Kenneth Montgomery, Esq.

Attorneys for Joseph Lanni

/S/ Michael K. Bachrach

_____

Michael Bachrach, Esq.

/S/ Frederick L. Sosinsky

_____

Frederic Sosinsky, Esq.

<u>Attorney for John Mazzola</u>

_Jeff Chabrowe_____
Jeffrey Chabrowe, Esq.

<u>Attorney for Curtis Meeks</u>

_____

Sally Butler, Esq.

<u>Attorney for Nicholas Minucci</u>

_____

Scott Leemon, Esq.

Attorney for Michael Renzulli

*Matthew J. Kluger*

_____
Matt Kluger, Esq.

Attorney for Angelo Ruggiero

James Froccaro, Esq.

Attorney for Anthony Shnayderman

Oliver Storch, Esq.

Attorney for Robert Stroud

Vincent Martinelli, Esq.

Attorney for Seth Trustman

John Curran

John Curran, Esq.

Attorney for Sophia Wei

Jacqueline Cistaro, Esq.

Attorney for Julius Ziliani

Marco Laracca, Esq.